[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STAY
INTRODUCTION
In this action, the plaintiff seeks damages for personal injuries allegedly caused by the defendant's negligence and recklessness. The defendant has moved that the action be stayed because, as counsel for the defendant has represented, PHICO Insurance Company ("PHICO") is obligated to defend and indemnify the defendant in respect of this action and, pursuant to an order of liquidation ("order") entered by the Commonwealth Court of Pennsylvania in an action titled M. Diane Koken InsuranceCommissioner of the Commonwealth of Pennsylvania v. PHICO InsuranceCompany, No. 427 M.D. 2001, all actions against insureds of PHICO have been stayed. The plaintiff has not contested those representations, and, therefore, the existence and validity of the order are presumed for purposes of this decision.
Paragraph 3 of the order appointed the Pennsylvania insurance commissioner as liquidator of PHICO. Paragraph 24 of the order states:
 Unless waived or otherwise agreed by all of the parties thereto and the relevant guaranty association, all actions in which PHICO is or may be obligated to defend a party in any court are stayed to the extent provided by applicable law, subject to further order of the court. The Liquidator may cooperate, upon request of a guaranty association, in seeking a stay of any action, as authorized under applicable law.
Paragraph 25 of the order states:
 No verdict, judgment or order against PHICO or its insureds entered after the date of filing of the Petition for Liquidation, and no verdict, judgment or order against PHICO entered at any time by default or by collusion, need be considered as evidence or proof of liability or quantum of damages by the Liquidator.
By its terms, the order clearly stays all actions against PHICO insureds. The question thus posed is whether a Connecticut court must CT Page 8909 honor the order, a command of a Pennsylvania court. That issue requires a review of Connecticut law on this subject.
General Statutes § 38a-903 provides, in excerpted form:
 Sections 38a-903 to 38a-961, inclusive, may be cited as the "Insurers Rehabilitation and Liquidation Act". . . . Sections 38a-903 to 38-961, inclusive, shall be construed to effect their purpose which is the protection of the interest of insureds, claimants, creditors and the public generally, with minimum interference with the normal prerogatives of the owners and managers of insurers, through: . . . (5) Reducing the problems of interstate rehabilitation and liquidation by facilitating cooperation between states in delinquency proceedings and by extending the scope of personal jurisdiction over debtors of the insurer outside this state.
General Statutes § 38a-905 (19) provides:
 "Reciprocal state" means any state other than this state in which in substance and effect sections 38a-920, 38a-954, 38a-955 and 38a-957 to 38a-959, inclusive, are in force and in which provisions are in force, requiring that the commissioner or equivalent official be the receiver of a delinquent insurer and in which some provision exists for the avoidance of fraudulent conveyances and preferential transfers.
DISCUSSION
Sections 38a-903 and 38a-905 (19) clearly state the legislature's intent that fostering cooperation between Connecticut and reciprocal states relative to insurance insolvencies is a principal purpose of the Insurers Rehabilitation and Liquidation Act (the "act"). Accordingly, the court must decide whether Pennsylvania is a reciprocal state.
Article V of Pennsylvania's Insurance Department Act, 40 P.S. §§ 211-221.63, contains provisions which parallel those of General Statutes §§ 38a-920, 38a-954, 38a-955 and 38a-957 to 38a-959. Having adopted legislation which, in substance and effect, mirrors the insolvency provisions of the act, Pennsylvania is held to be a reciprocal state.
In sum, Connecticut courts are obligated by the act to respect insurance liquidation proceedings conducted by reciprocal states, of CT Page 8910 which Pennsylvania is one, and Pennsylvania has entered a liquidation order which stays all actions against PHICO's insureds. Therefore, the issuance of a stay in this case is appropriate.
CONCLUSION
The defendant's motion to stay is granted, and a stay of this case is entered, effective until further order.
G. Levine, J.